SNEED, J.,
delivered tbe opinion of tlie court:
Tbe defendant, as a constable of Gibson county, levied an execution upon a bale of cotton, on tbe Tth of October, 18TO, as tbe property of S. W. Harper, to satisfy a judgment obtained before a justice of tbe peace, in favor of .F. M. JDavis. Tbe plaintiff brought tbis action of replevin to recover tbe cotton, tbe title to wbicb they claim under an alleged lien or mortgage, executed to them by Harper, on tbe 2'Ttb of August, 18T6. Tbis alleged mortgage is in tbe words and figures, as follows:
“$150.00. One day after date, I promise to pay D. W. Luten & Co., tbe sum of one hundred and fifty dollars, for value received.
“Tbe conditions of tbis note are such, that D. W. Luten <fc Co., bold a lien on my entire crop on my farm, consisting of fifteen acres in corn, and nine acres in cotton. Tbis August 2'Ttb, 18T G.
“(Signed) S. W. Haepee, [l. s.]
“Humboldt, Tenn.”
This instrument was recorded in the register’s office of Gibson county, on tbe 4th of September, 18T6, but by clerical misprision, tbe name of D. W. Senter & Co. was inserted upon tbe record where tbe name of D. W. Luten & Co. ought to have been. Tbe defendant, as we have seen, levied bis execution on tbe Tth of October, 18T6. Tbis error in tbe registration was corrected by tbe register, and proper certificate thereof duly made by him. Tbe *620 question is, who has the better title, the plaintiff, who claims under the alleged registered mortgage, or the defendant, who claims under the levy? The circuit judge held, upon submission and waiver of jury trial, that the title was in defendant, and of this opinion is the court.
It is unquestionably true that at the time of the levy, D. W. Luten & Oo. had no mortgage deed of trust, or the registered claim upon the cotton in controversy. The fact that there was upon record a registered mortgage at the time of the levy, in the name of D. W. Senter & Oo., conferred no shadow of title or interest in the property upon this plaintiff', nor did it preclude the officer from levying on the cotton as the property of Harper, if he was willing to assume the risk. The object of the registration laws was to advise the public accurately and specifically of all transmutations of title to property, and if the registration contains a false recital, it is the misfortune of the vendor or alienor, only remediable by action against the register himself, if the instrument be one which may lawfully be recorded. In this ease the registration was a nullity, as a notice to the creditors of Harper of any alienation of the cotton by deed of trust, or otherwise, to the plaintiff, and whatever might be the effect of the register’s correction, if made prior to the levy, it was certainly ineffectual to disturb the title in this case, as acquired by the levy.
Let the judgment be affirmed.